BENJAMIN SCHOLES et al., Appellants, v. ABRAHAM ACKERLAND et al., Appellees.

APPEAL FROM PEORIA.

In an action against a common carrier to recover the value of goods not delivered; it is *held*, that the evidence of a witness, who states that he knows the goods were carefully packed, and that he saw them taken away by a drayman, and saw the bills of lading after they were signed, giving the particular facts of his knowledge, is proper for the consideration of the jury, and may be held as sufficient evidence of the fact that the goods were shipped and in good order.

Carriers should show a delivery in good order in pursuance of the contract in the bill of lading; something more than putting goods on shore or on a wharf, must be shown. Notice to the consignee, or some excuse for not giving it, and a reasonable time, should be given to attend and receive the goods.

THIS was an action brought by Ackerland and others to recover the value of goods missing from a box originally shipped from Cincinnati, but delivered to Scholes & Co., at St. Louis, to be shipped on the steamer Movastar, and delivered at Peoria. Siegman H. Rauh was examined by virtue of a *dedimus* from the Circuit Court of Peoria county. His answer to the third interrogatory in chief, is as follows: " Goodheart and Ackerland shipped, on or about the 12th of October, 1850, to said plaintiffs, of Peoria, Ill., an invoice of goods. A true copy of said invoice is here attached, and is made a part of this, my deposition. The goods were packed, in a careful manner, in good strong boxes; cannot recollect whether they were new or old. They were consigned to W. L. Ewing & Co., St. Louis. I made the invoice and bills of lading, and saw the drayman take them away to deliver to the boat, and saw the bills of lading after they were signed, all in good order." To the sixth cross-interrogatory he answers, " I know that said goods were in fact shipped, by seeing the bill of lading, after returned from the boat, duly signed." To all this deposition which relates to the shipment of goods from Cincinnati, and the delivery of said goods on board the steamboat at that place, and the statement of the witness of his reasons for knowing the same, and in particular his statement that he knew the fact, from having seen the bill of lading, defendants below objected. The circuit court permitted the whole of said deposition to be read to the jury.

This cause was tried before PETERS, Judge, at March term, 1854, of the Peoria circuit court, and resulted in a verdict and

Scholes et al. *v.* Ackerland et al.

judgment for plaintiffs below, for $90.99. The defendants below appealed.

N. H. PURPLE, for appellants.

MANNING and MERRIMAN, for appellees.

SCATES, J. Plaintiffs, in command of steamer Movastar, gave bill of lading for six boxes of goods shipped at St. Louis for Peoria, and this action is brought for non-delivery of a part. Verdict for defendants for $90.99. Motion for new trial: exceptions taken.

The first point we notice is, the exceptions taken before trial, to the answers to the third direct, and sixth cross-interrogatory, in the deposition of Rauh. He states in the former, that a firm in Cincinnati shipped an invoice of goods to defendants on the 12th of October, 1850, and annexes copy of invoice as a part of answer. The goods were carefully packed in strong boxes, and consigned to a house in St. Louis. Witness made the invoice, bills of lading, and saw them taken from the house by the drayman, and saw the bills of lading after they were signed, and all in good order.

In answering the latter, he says he knows the goods were shipped by seeing the bill of lading after it was returned from the boat, duly signed. After stating the fact of shipment generally, he gives the particular facts of his knowledge.

These statements were all properly left to the jury, to be weighed, and such credit given them as they deserve. Nor should we hesitate to hold them sufficient evidence of the fact. That bill of lading is not the one sued on, nor are we prepared to say that it is any higher evidence of the delivery on board the boat, in this suit, than the oath of the shipping clerk, that it was returned to him, duly signed, for the goods in good order. It would be productive of great inconvenience, if a rule of evidence should require the fact of delivery on board, or shipments of goods by boats, to be proven by drayman's and boatman's receipts and bills of lading, as higher and better evidence than observation, or testimony of these written acknowledgments, passed in the regular routine of trade; especially when collaterally drawn in question, and by persons, strangers to the transaction, not having the custody and control of them. They should have no higher claims than receipts for money under similar circumstances.

The witness further proves that the goods in the invoice sent defendants, were packed in good order and sent the St. Louis

forwarding house. The receiving and shipping clerk of the St. Louis house testifies that they were received in boxes which appeared to be in good order, and so reshipped under the bill of lading sued on.

Other witnesses testify, that on the delivery of the boxes at Peoria, one box was partly open, the box not full, part of the goods were hanging out, some damaged, and part missing when opened and compared with the invoice.

The invoice was received, identified, and the kind, quantity, and value of the lost goods ascertained by it. The rebutting testimony is that of the engineers and carpenter of the steamer which carried the goods from St. Louis to Peoria. They say in substance, that the goods were stowed at the end of the boilers, aft, and immediately under their observation while on duty as engineers; that one was constantly on duty, and no disturbance could have been given without their seeing it, and they saw none, and do not believe there was any. The carpenter says further, that one box burst open by rolling it ashore at Peoria, and he renailed it. It was so full that it required the help of a man to press down while he nailed. Other witnesses say, and among them the receiving clerk of defendants, that one box was partly open on the shore at Peoria, that part of the goods were hanging out, and that the box was not full.

These apparently contradictory statements, the jury have reconciled by a verdict for the defendants, and which we cannot disturb. All may be true. The box may have been broken open upon the wharf, and the goods taken, before its delivery into the care of defendants.

The carriers should show a delivery in good order, in pursuance of their contract in the bill of lading. Something more than putting goods on the shore or wharf, by steamers and vessels, must be shown. Notice to the owner or consignee, or some excuse for not giving it, and also reasonable time to attend to receive. This doctrine is fully laid down in the case of Crawford et al. *v.* Clark et al., post, decided at this term.

We have carefully examined the instructions, and find they contain only the common and plain principles of law on the questions arising under the evidence.

*Judgment affirmed.*